# EXHIBIT C

```
 1  FILE #      03-40-17
    SET FOR:    June 26, 1986
 2  COURT:      Dept. 3
    ATTORNEY:   Dominic Eyherabide (322-2999)
 3  DPO:        SKD
 4
 5
 6
 7
 8
 9          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
10              IN AND FOR THE COUNTY OF KERN
11          *   *   *   *   *   *   *   *   *   *   *
12  THE PEOPLE OF THE STATE OF CALIFORNIA   *          C.I.M.
13                           PLAINTIFF,     *   PROBATION OFFICER'S
14  LENNIS LAVELLE ROBERSON                 *          REPORT
15                           DEFENDANT.     *       NO. 31134
16  *   *   *   *   *   *   *   *   *   *   *   *   *
17            HONORABLE JAMES G. BOWLES, JUDGE
18  DOB: June 28, 1957              CITIZENSHIP: U.S.
19  BIRTHPLACE: Bakersfield, CA     MARITAL STATUS: Single
20  SEX: Male                       DEPENDENTS: One
21  ETHNIC GROUP: Black             MILITARY STATUS: None
22  DRIV. LIC. # Unknown
23  SOC. SEC. # 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
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
24
25
26
```

AGO - 04

**PRESENT CHARGE:**

The defendant is before the Court at this time; having been charged in the information with Twenty Felonies, to-wit: Count One, Violation of Section 182 of the Penal Code with Four Overt Acts; Counts Two and Seventeen, Violations of Section 261(2) of the Penal Code; Counts Three, Four, Five, Seven, Nine, Eleven, Thirteen, Sixteen, and Eighteen, Violations of Section 288(b) of the Penal Code; Counts Six, Eight, Ten, Twelve, and Fifteen, Violations of Section 266j of the Penal Code; Count Fourteen, Violation of Section 207(b) of the Penal Code; Count Nineteen, Violation of Section 266i(b) of the Penal Code; and Count Twenty, Violation of Section 266h of the Penal Code. The defendant was arraigned on March 28, 1986, on the above charges, and pled not guilty; at which time, a trial date was set for May 19, 1986. On May 29, 1986, the defendant was found guilty by jury of Count One, Violation of Section 182 of the Penal Code with Four Overt Acts; Counts Two and Seventeen, Violations of Section 261(2) of the Penal Code; Counts Five, Seven, Nine, Eleven, Thirteen, Sixteen, and Eighteen, Violations of Section 288(b) of the Penal Code; Counts Six, Eight, Ten, Twelve, and Fifteen, Violations of Section 266j of the Penal Code; Count Fourteen, Violation of Section 207(b) of the Penal Code; Count Nineteen, Violation of Section 266i(b) of the Penal Code; Count Twenty, Violation of Section 266h of the Penal Code; and Count Three, Violation of Section 288(a) of the Penal Code, a lesser and included offense. The defendant was

Page 2

AGO - 05

1  found not guilty of Count Four.  The matter was referred to the

2  Adult Probation Department for investigation, report, and

3  recommendation; said report to be considered for sentencing on

4  Thursday, June 26, 1986.

5         The defendant was arrested on February 23, 1986, in

6  Bakersfield, California, by deputies of the Kern County

7  Sheriff's Office, and has remained in custody since that date;

8  this constituting 124 days actual incarceration, to which will

9  be added 62 days good and work time, for a total of 186 days

10  credit for time served.

11  **PRIOR RECORD:**

12         There are no convictions listed on the defendant's

13  prior record.

14  **CIRCUMSTANCES OF THE PRESENT OFFENSE:**

15         The following is a summary of the circumstances taken

16  from law enforcement reports, medical records, and preliminary

17  hearing transcripts.  The undersigned did not have access to

18  the trial transcripts.

19         During the afternoon hours of February 18, 1986,

20  13-year-old Tonya Woodin, a Dependent of the Kern County

21  Juvenile Court, ran away from the custody of her social worker

22  while returning from the Kern Medical Center to the Jamison

23  Children's Center.  Tonya jumped out of the car while it was

24  stopped at a stop sign.  She later stated she had originally

25  planned to go to her cousin's home on Quincy Street, but

26  instead, she went to Union Avenue in hopes of finding her Aunt

Page 3

AGO - 06

1 Chrissy, who Tonya admitted, was a "hooker."

2      While walking on Union Avenue, Tonya was approached

3 by a Cadillac driven by Lennis Roberson and his female

4 passenger, Karen Staten, co-defendants in the instant offense,

5 who offered Tonya a ride.  Roberson and Staten told Tonya they

6 knew her Aunt Chrissy and that they would take her to their

7 motel room until they could locate Tonya's aunt.  However, the

8 co-defendants took Tonya to the Royale Palms Motel, where she

9 was shown "how to be a whore" by watching the co-defendants

10 perform acts of oral copulation and sexual intercourse.  Tonya

11 was then forced to orally copulate Co-defendant Roberson; after

12 which, Roberson raped Tonya; causing her to bleed, which

13 resulted in a puddle of blood whose diameter encompassed a

14 six-inch stain on the sheet.  Tonya stated Co-defendant Staten

15 threatened to "blow my brains out"; and at one point,

16 Co-defendant Roberson placed a pistol to Tonya's head and

17 pulled the trigger to show her what would happen if she dis-

18 obeyed.  Tonya was told she would be taken to various labor

19 camps where she would be sold for approximately $20.00, in

20 exchange for sex.

21      During the following five days, Tonya testified she

22 was threatened with bodily harm if she did not cooperate.  The

23 co-defendants took her to labor camps where she had sex with

24 approximately forty different men.  Tonya related one man paid

25 $100.00 to orally copulate her, and that the money was

26 immediately given to Co-defendant Staten.  When alone with the

Page 4

1 co-defendants, Tonya testified, Co-defendant Roberson raped her

2 again and Co-defendant Staten orally copulated her.  Tonya

3 stated she could only remember eating two small meals and

4 remembered being given some sort of drug in cigarette form,

5 which made her feel "lightheaded, weird, sick."

6          Finally, on the fifth day of being held against her

7 will, Tonya was taken to a labor camp near Lamont, where two

8 prospective "clients" questioned her as to whether she was

9 being held against her will.  When Tonya told one man she was

10 being forced to have sex and held against her will, he helped

11 her escape through a bathroom window.  Law enforcement was then

12 contacted and the co-defendants were fully identified with the

13 aid of the license plate number taken from the Cadillac which

14 had brought Tonya to the labor camp.  After tracing the number

15 of the license plate, the co-defendants were located and

16 arrested without incident.

17          The 13-year-old victim, Tonya Woodin, was taken to

18 Kern Medical Center for treatment and examination.  Tonya

19 complained of being sick to her stomach, as well as pain in her

20 right ankle.  Dr. Diamond subsequently examined Tonya for

21 possible sexual molestation and concluded, "This young lady has

22 been sexually molested."

23 **DEFENDANT'S STATEMENT:**

24          The defendant did not submit a written statement.

25          During an interview with the defendant at the Kern

26 County Sheriff's Lerdo Facility, he declined to provide any

Page 5

1  type of comment.

2  **VICTIM INTERVIEW AND RESTITUTION INFORMATION:**

3  　　　　After adjudication in the instant offense, the
4  14-year-old victim, Tonya Woodin, who had previously been a
5  declared a Dependent of the Kern County Juvenile Court in
6  January of 1986, under Section 300A of the Welfare and
7  Institutions Code, was placed in a group home outside of Kern
8  County.  Unfortunately, the victim recently ran away from the
9  group home and her current whereabouts is unknown.  The
10  victim's Social Service Worker, Ms. Rhonda Harrington,
11  described the victim as initially being somewhat out of control
12  due to her prior neglect situation, but since the instant
13  offense, the victim's problems have escalated to the point
14  where she is now irrational.  Obviously, the instant offense
15  has "scarred" the victim in many ways.

16  **PERSONAL AND FAMILY HISTORY:**

17  　　　　The defendant, Lennis Lavelle Roberson aka "Bam," age
18  28, was born June 28, 1957, in Bakersfield, California, and has
19  remained a lifelong resident of Kern County (prior arrest
20  records also list the defendant's birthdate as June 28, 1951).
21  At the time of his arrest in the instant offense, the defendant
22  listed his home address as 405 Texas Street, Bakersfield,
23  California, and noted that this is his mother's home.  The
24  defendant indicated his 94-year-old grandfather also resides in
25  the home.  The defendant stands five feet, seven inches tall,
26  weighs 180 pounds, and has brown eyes and black hair.

Page 6

1    The defendant stated that as a result of a common-law
2  relationship he established and maintained for four years with
3  Lashelle Gillon, a son, Marshawn, age five, was born and
4  continues to reside with the natural mother in Bakersfield,
5  California.

6    The defendant could not provide any information in
7  regard to his natural father.  The defendant's mother, Lucinda
8  Davis nee Pace, approximate age 65, was born in Texas, and
9  currently resides at 405 Texas Street, Bakersfield.  The defen-
10 dant's mother is currently supported by Social Security
11 retirement benefits.  The defendant's mother had previously
12 worked in the area of domestic home management.  The defendant
13 does not believe his parents were legally married, and believes
14 their union only produced one child.  The defendant indicated
15 that as a result of other marriages and relationships in which
16 his mother was involved, he has three brothers and three
17 sisters who are "scattered around."

18 **RELIGION AND EDUCATION:**

19    As a child, the defendant stated, he attended the
20 Church of Living God, but that as an adult, he has no religious
21 affiliation.

22    The defendant attended John C. Fremont Elementary
23 School prior to enrolling in Bakersfield High School, where he
24 graduated in 1975.

25 **MILITARY RECORD AND HEALTH:**

26    The defendant has never been a member of the United

Page 7

1 States Armed Forces.

2       The defendant stated he is in good health and does
3 not suffer from any physical handicap.

4       The defendant denied he consumes any type of
5 alcoholic beverage, and denied he experiments with or uses any
6 type of illicit drug.

7 **RESOURCES AND EMPLOYMENT:**

8       For the past year, the defendant stated, he has been
9 unemployed, and offered no explanation as to how he has been
10 supported. Prior to this time, the defendant stated, he had
11 worked in a sporadic manner in various oil field maintenance
12 companies, as well as in farm labor.

13       The defendant denied possession of a checking or
14 savings account, and stated he has no assets or financial
15 liabilities.

16 **EVALUATION:**

17       **Circumstances In Mitigation:**

18       Pursuant to the sentencing rules of the Uniform
19 Determinate Sentencing Act, the following circumstance is being
20 listed in mitigation.

21       (1).  The defendant has no known prior criminal
22 record of conviction.  (All Counts)

23       **Circumstances In Aggravation:**

24       Pursuant to the sentencing rules of the Uniform
25 Determinate Sentencing Act, the following circumstances are
26 being listed in aggravation.

Page 8

(1).   The crime involved threat of great bodily harm or other acts disclosing a high degree of cruelty in that the defendant threatened to kill the victim if she did not cooperate.  (Counts One, Three, Six, Eight, Ten, Twelve, Fourteen, Fifteen, Nineteen, and Twenty)

(2).   The defendant was convicted of other crimes for which consecutive sentences could have been imposed, but for which concurrent sentences are being imposed.  (Counts Fifteen and Twenty)

(3).  The planning, sophistication or professionalism with which the crime was carried out or other facts indicate premeditation.  (All Counts)

**Analysis:**

Appearing before the Court is the 28-year-old defendant, Lennis Roberson, who has been convicted by jury of Nineteen Felonies, to-wit:  Count One, Violation of Section 182 of the Penal Code with Four Overt Acts; Counts Two and Seventeen, Violations of Section 261(2) of the Penal Code; Count Three, Violation of the lesser and included Section 288(a) of the Penal Code; Counts Five, Seven, Nine, Eleven, Thirteen, Sixteen, and Eighteen, Violations of Section 288(b) of the Penal Code; Counts Six, Eight, Ten, Twelve, and Fifteen, Violations of Section 266j of the Penal Code; Count Fourteen, Violation of Section 207(b) of the Penal Code; Count Nineteen, Violation of Section 266i(b) of the Penal Code; and Count Twenty, Violation of Section 266h of the Penal Code.

Page 9

1    What began as a supposed act of kindness turned into
2  a five-day nightmare for the then 13-year-old victim, who was
3  raped by both co-defendants, threatened with death, deprived of
4  food, and forced into acts of prostitution with at least thirty
5  men. Although the defendant has no known prior criminal con-
6  victions, in view of the seriousness of the instant offense, a
7  prison commitment is the only viable disposition.

8    Pursuant to Sections 1203.065 and 1203.066 of the
9  Penal Code, the defendant is ineligible for probation in Counts
10 Two, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve,
11 Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, and
12 Twenty. Regardless of these statutory limitations, probation
13 would not be recommended due to the nature of the offenses, the
14 time span of the offenses, and the victim's tender age.

15    Pursuant to Section 667.6 of the Penal Code, it
16 should be noted that Counts Two, Seventeen, Five, Seven, Nine,
17 Eleven, Thirteen, and Sixteen must be mandatorily sentenced
18 fully consecutively, for a total of 48 years due to the fact
19 the crimes are clearly on separate occasions. The Court's
20 attention should also be drawn to the fact that of the
21 remaining Counts which will be sentenced under Section 1170.1
22 of the Penal Code, one of the Counts must be established as the
23 principal term. The undersigned will use Count Ten as the
24 principal term pursuant to Section 1170.1 of the Penal Code.
25 In addition, it should be noted that Counts One, Three, Six,
26 Eight, Twelve, Fourteen, Eighteen, and Nineteen must be stayed

AGO - 13

1  pursuant to Section 654 of the Penal Code; however, several of

2  the remaining Counts could be sentenced consecutively under

3  Section 1170.1 of the Penal Code.   After reviewing the facts

4  relating to the crime and the facts relating to the defendant,

5  it is this department's opinion that the remaining Counts under

6  Section 1170.1 of the Penal Code should be sentenced

7  concurrently.

8         The defendant is a threat to the physical and

9  emotional well-being of the young members of our community and

10 a threat to the integrity of the older members.   A review of

11 the circumstances listed in aggravation and mitigation would

12 appear to clearly justify the upper term; however, it is this

13 department's opinion that the imposition of the middle term

14 will obtain an appropriate sentence.

15        It is with the above thoughts in mind that the

16 following recommendation is respectfully submitted.

17                          ***

18

19

20

21

22

23

24

25

26

AGO - 14

| PUNISHMENT | AGG. | MIT. | BASE TERM | ENHANCEMENT | C/S SENTENCES | TOTAL |
|---|---|---|---|---|---|---|

**(Pursuant to 1170.1 PC):**

**Count Ten - PC 266j:**

| 3-6-8 | No | No | 6 years | None | PC 667.6(d) 54 yrs<br>Counts 2, 17,<br>5, 7, 9, 11,<br>13, & 16<br>(Each for 6 yrs.)<br>Total: 48 yrs. |
|---|---|---|---|---|---|

**Count One - PC 182:**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Three - PC 288(a):**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Eighteen - PC 288(b):**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Six - PC 266j:**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Eight - PC 266j:**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Twelve - PC 266j:**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Fourteen - PC 207(b):**

| 3-5-8 | No | No | 5 years | None |
|---|---|---|---|---|

**Count Nineteen - PC 266i(b):**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Fifteen - PC 266j:**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

**Count Twenty - PC 266h:**

| 3-6-8 | No | No | 6 years | None |
|---|---|---|---|---|

Page 12

AGO - 15

1  PUNISHMENT AGG. MIT. BASE TERM ENHANCEMENT C/S SENTENCES TOTAL

2  (Pursuant to PC 667.6(d)):

3  Count Two - PC 261(2):

4     3-6-8    No    No    6 years         None

5  Count Seventeen - PC 261(2):

6     3-6-8    No    No    6 years         None

7  Count Five - PC 288(b):

8     3-6-8    No    No    6 years         None

9  Count Seven - PC 288(b):

10    3-6-8    No    No    6 years         None

11 Count Nine - PC 288(b):

12    3-6-8    No    No    6 years         None

13 Count Eleven - PC 288(b):

14    3-6-8    No    No    6 years         None

15 Count Thirteen - PC 288(b):

16    3-6-8    No    No    6 years         None

17 Count Sixteen - PC 288(b):

18    3-6-8    No    No    6 years         None

19 RECOMMENDATION:

20              Count Ten - PC 266j:

21       It is respectfully recommended that probation be

22 denied, and the defendant be sentenced to the Department of

23 Corrections for a period of six years.

24                                ***

25

26

Page 13

Count One – PC 182:

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be stayed until the successful completion of sentence heretofore imposed, then permanently thereafter.

Count Three – PC 288(a):

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be stayed until the successful completion of sentences heretofore imposed, then permanently thereafter.

Count Eighteen – PC 288(b):

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be stayed until the successful completion of sentences heretofore imposed, then permanently thereafter.

Count Six – PC 266j:

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be stayed until the successful completion of sentences heretofore imposed, then permanently thereafter.

***

Page 14

AGO - 17

1    Count Eight - PC 266j:

2        It is respectfully recommended that probation be

3    denied, and the defendant be sentenced to the Department of

4    Corrections for a period of six years; said sentence to be

5    stayed until the successful completion of sentences heretofore

6    imposed in Count Ten, then permanently thereafter.

7        Count Twelve - PC 266j:

8        It is respectfully recommended that probation be

9    denied, and the defendant be sentenced to the Department of

10   Corrections for a period of six years; said sentence to be

11   stayed until the successful completion of sentences heretofore

12   imposed, then permanently thereafter.

13       Count Fourteen - PC 207(b)

14       It is respectfully recommended that probation be

15   denied, and the defendant be sentenced to the Department of

16   Corrections for a period of five years; said sentence to be

17   stayed until the successful completion of sentences heretofore

18   imposed, then permanently thereafter.

19       Count Nineteen - PC 266i(b):

20       It is respectfully recommended that probation be

21   denied, and the defendant be sentenced to the Department of

22   Corrections for a period of six years; said sentence to be

23   stayed until the successful completion of sentences heretofore

24   imposed, then permanently thereafter.

25                              ***

26

                        Page 15

AGO - 18

1    <u>Count Fifteen - PC 266j</u>:

2    It is respectfully recommended that probation be

3    denied, and the defendant be sentenced to the Department of

4    Corrections for a period of six years; said sentence to be

5    served concurrently with the fully consecutive sentences

6    imposed in Counts Ten, Two, Seventeen, Five, Seven, Nine,

7    Eleven, Thirteen, and Sixteen.

8    <u>Count Twenty - PC 266h</u>:

9    It is respectfully recommended that probation be

10   denied, and the defendant be sentenced to the Department of

11   Corrections for a period of six years; said sentence to be

12   served concurrently with the fully consecutive sentences

13   imposed in Counts Ten, Two, Seventeen, Five, Seven, Nine,

14   Eleven, Thirteen, and Sixteen.

15   **(Pursuant to PC 667.6(d) (Fully Consecutive)**:

16   <u>Count Two - PC 261(2)</u>:

17   It is respectfully recommended that probation be

18   denied, and the defendant be sentenced to the Department of

19   Corrections for a period of six years; said sentence to be

20   served fully consecutive to any sentence imposed in the above

21   counts.

22   <u>Count Seventeen - PC 261(2)</u>:

23   It is respectfully recommended that probation be de-

24   nied, and the defendant be sentenced to the Department of Cor-

25   rections for a period of six years; said sentence to be served

26   fully consecutive to any sentence imposed in the above counts.

Page 16

Count Five - PC 288(b):

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be served fully consecutive to any sentence imposed in the above counts.

Count Seven - PC 288(b):

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be served fully consecutive to any sentence imposed in the above counts.

Count Nine - PC 288(b):

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be served fully consecutive to any sentence imposed in the above counts.

Count Eleven - PC 288(b):

It is respectfully recommended that probation be denied, and the defendant be sentenced to the Department of Corrections for a period of six years; said sentence to be served fully consecutive to any sentence imposed in the above counts.

***

Page 17

1         <u>Count Thirteen - PC 288(b):</u>

2         It is respectfully recommended that probation be

3 denied, and the defendant be sentenced to the Department of

4 Corrections for a period of six years; said sentence to be

5 served fully consecutive to any sentence imposed in the above

6 counts.

7         <u>Count Sixteen - PC 288(b):</u>

8         It is respectfully recommended that probation be

9 denied, and the defendant be sentenced to the Department of

10 Corrections for a period of six years; said sentence to be

11 served fully consecutive to any sentence imposed in the above

12 counts, **<u>FOR A TOTAL FIXED TERM OF FIFTY-FOUR (54) YEARS IN THE</u>**

13 **<u>DEPARTMENT OF CORRECTIONS</u>**.

14                           ***

15

16

17

18

19

20

21

22

23

24

25

26

Page 18

AGO - 21

1         It is further recommended that the defendant be
2   instructed to register as a Sex Offender under the provisions
3   of Section 290 of the Penal Code.
4         It is further recommended that the defendant pay a
5   restitution fine in the amount of $100.00, pursuant to
6   Government Code Section 13967.

7                           RESPECTFULLY SUBMITTED,

8                           T. GLEN BROWN
                        COUNTY PROBATION OFFICER

9   DATED: June _18_ , 1986

10

11                          Susan K. Durkan
                        Deputy Probation Officer
12                          Adult Division

13    I HAVE READ AND CONSIDERED THE PROBATION OFFICER'S REPORT.
14  DATED: June    , 1986

15                          JUDGE OF THE SUPERIOR COURT
16                          BAKERSFIELD, KERN COUNTY
                        CALIFORNIA

17

18  SKD:rb

19

20

21

22

23

24

25

26

AGO - 22