1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CHRISTOPHER M. YOUNG, State Bar No. 238532
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5553
     Fax:  (415) 703-5843
8    Email:  Chris.Young@doj.ca.gov

9  Attorneys for Defendants Childers, Gibbs-Battenfeld,
   Guerra, and Woodford

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LENNIS L. ROBERSON,<br><br>                              Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>                              Defendants. | CASE NO. C 07-3497 CRB (PR)<br><br>DECLARATION OF L. GIBBS-BATTENFELD SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

I, L. GIBBS-BATTENFELD, DECLARE AS FOLLOWS:

1. I am competent to testify to the matters set forth herein, and if called upon to do so, I would and could so testify. I make this declaration from my own personal knowledge. I submit this declaration in support of Defendants' motion for summary judgment.

2. I have been employed by the California Department of Corrections and Rehabilitation (CDCR) since January 2, 1985, and have worked at the Correctional Training Facility, Soledad (Soledad) since that date.

3. I am currently a Correctional Counselor II, Supervisor, at Soledad and have served in

this capacity since July 2006. My duties include reviewing case work, organizing training sessions, chairing committees, and numerous related tasks. I supervise nine counselors. I serve on various committees, such as classification and disciplinary, to ensure that all decisions reached are consistent with departmental policy. Before July 2006, I was a Correctional Counselor I (CC-I) from 1997 to 2006. As CC-I, my duties included preparation for classification committee, reviewing cases for compliance with policies and procedures, writing reports, writing classification chronos, conducting board hearings, and numerous related tasks. Inmates are assigned to a counselor based on the wing they are housed in, and the bed the inmate is assigned to.

    4. I reviewed CDC 602 inmate appeal log number 06-334 on January 3, 2006. I explained to Plaintiff Roberson that he was placed on C-status on January 1, 1999 due to program failure resulting from his refusal to follow grooming standards. I further responded that he was still not in compliance with departmental grooming standards. Plaintiff Roberson did not state in the inmate appeal, or to me personally, that he was in violation of grooming standards based on his religious beliefs.

    5. On February 15, 2006, I served on the panel of the Unit III Classification Committee for a special review. At that panel, Plaintiff Roberson was removed from C-status and his work group was established as A-2, privilege group B, effective January 17, 2006. Work group A-2 provides that an inmate receives one day credit for each two days of time served. Privilege group B allows for limited visiting privileges, canteen access, telephone access, and limited personal property packages. Plaintiff was placed on waiting lists for work assignments.

    6. At that time, Plaintiff stated that he believed his work group should be A-1, privilege group A, because of religious reasons. Inmates assigned to work group A-1 receive one day of credit for each day assigned to this work group. Privilege group A provides for increased privileges from privilege group B. Plaintiff was advised of his right to appeal the February 15, 2006 committee action.

    7. In February 2006, the committee was conducting numerous special reviews of inmates who were on C-status for grooming violations. As part of my duties as CC-I, I was responsible

Decl. Gibbs-Battenfeld Supporting Defs.' Mot. Summ. J.       *Roberson v. Woodford, et al*  
Case No. C 07-3497 CRB (PR)

2

for reviewing individual inmate cases for compliance with policies and procedures. At that time, we reviewed the inmate's central file to determine if they were on C-status for grooming standard violations. As part of the central file review, according to departmental policy, any inmate who had received a disciplinary violation on or after September 22, 2000, and who could provide proof that the violation was based upon religious beliefs, could be entitled to receive restoration of credits. We also investigated whether the central file revealed that the grooming violation was based on religious reasons. If documents in the central file indicated that an inmate's grooming violation stemmed from his religious convictions, we would evaluate whether the inmate was entitled to credit restoration on that basis. Finally, departmental policy dictated that any inmate, regardless of the inmate's religious beliefs, who was assigned C-status due to grooming violations was to be removed from C-status effective January 17, 2006, the date that the new departmental grooming regulations were enacted.

8. Plaintiff Roberson received his disciplinary violations in 1998, therefore he was not entitled to credit restoration. Also, there was no proof that Plaintiff's disciplinary violations were based on Plaintiff's religious beliefs, except for Plaintiff's statements at the committee. Therefore, Plaintiff Roberson was removed from C-status at the committee, as explained in paragraph five above. He was removed from C-status effective January 17, 2006, as required by departmental policy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on February 8, 2008, at Soledad, California.

L. GIBBS-BATTENFELD
Correctional Counselor II, Supervisor

Decl. Gibbs-Battenfeld Supporting Defs.' Mot. Summ. J.    Roberson v. Woodford, et al
Case No. C 07-3497 CRB (PR)